UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH A. JOHNSON,

    Plaintiff,                                  CASE NO. 06-CV-15657

v.                                            DISTRICT JUDGE THOMAS LUDINGTON
                                              MAGISTRATE JUDGE CHARLES BINDER

SAGINAW COUNTY
COMMUNITY ACTION, INC.

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
(Dkt. 18)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

## II. REPORT

### A. Introduction

Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington, is the above-entitled motion. (Dkt. 18.) Plaintiff filed this action *pro se* on December 20, 2005, alleging wrongful termination in violation of the Family Medical Leave Act ("FMLA"). (Dkt. 1.) Defendant filed the motion on September 26, 2007 (Dkt. 18), Plaintiff responded on December 4, 2007 (Dkt. 22), and Defendant replied on December 7, 2007 (Dkt. 23). Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation on the pleadings without oral argument.

## B. Background

Plaintiff worked at the Defendant Saginaw County Community Action Committee, Incorporated ("CAC")[1] as full-time teacher since February of 1992. (Def. Mot., Dkt. 18 ¶ 1.) On October 14, 2004, Plaintiff requested and was granted leave pursuant to the Family Medical Leave Act ("FMLA") until November 15, 2004. (*Id.* ¶ 2 & Ex. 3; Compl., Dkt. 1 at 1.[2]) In addition, Defendant approved short-term disability benefits for Plaintiff through November 22, 2004. (Dkt. 18 ¶ 3, Ex. 3.) At this same time, Plaintiff was notified of her obligation to continue to submit documentation evidencing any ongoing disability beyond November 22, 2004, but Plaintiff failed to do so. (Dkt. 18 ¶¶ 4-5, Ex. 3.) On December 1, 2004, Plaintiff was notified by Defendant that although she was scheduled to return to work on November 22, 2004, she had "been a no call no show for more than three days" so, according to the "Personnel Manual, employees who are absent without authorization for three (3) consecutive workdays shall be deemed to have voluntarily resigned." (Dkt. 18 at Ex. 5; Dkt. 1 at 1.)

In January 2005, Defendant was notified by the short-term disability carrier that Plaintiff's request for an extension of her short-term disability benefits was denied. (Dkt. 18 at Ex. 6.) The notification to Defendant indicated that Plaintiff was also notified of the decision and of the manner in which she could appeal the decision. (*Id.*) On June 17, 2005, Plaintiff filed unfair labor practice charges against Defendant and her union. (Dkt. 18, Ex. 2 at 1.) The Administrative Law Judge ("ALJ") dismissed the charges "in their entireties" on September 13, 2005. (*Id.* at 3.)

---

[1]This appears to be the appropriate name for Defendant but the caption reflects the name stated in the Complaint.

[2]This paragraph of Defendant's motion states "2005" but since all other references are to "2004," I presume this is a mere typographical error.

Plaintiff contends that Defendant's actions amount to an "FMLA violation, wrongful termination, unfair labor practice, civil right violation and personal injury." (Dkt. 1 at 2.)

In Response to Defendant's motion, Plaintiff filed 200 pages of exhibits, which contain the following: (1) the Union Collective Bargaining Agreement; (2) an FMLA brochure; (3) Defendant's Articles of Incorporation; (4) Department of Health and Human Services Appeals against Saginaw CAC challenging decision by the Administration for Children and Families (ACF) to terminate Saginaw's Head Start grant; (5) FMLA itself; (6) Department of Labor Fact Sheet #28 regarding the FMLA; (7) Saginaw County Circuit Court Office of the Court Administrator regarding jury service. (Dkt. 24.)

### C.     Law and Analysis

#### 1.     Motion Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th

Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**2. Discussion**

Plaintiff does not indicate whether she is asserting an interference/entitlement claim or a retaliation claim. Therefore, like Defendant, I will consider both potential claims.[3]

To prevail on an interference/entitlement claim under the FMLA, a plaintiff must show that: 1) she is an eligible employee, 2) the employer is a covered employer under the Act, 3) she was entitled to leave under the FMLA, 4) she gave the employer notice of her intention to take foreseeable leave, and 5) the employer denied her FMLA benefits to which she was entitled. *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003). The employer's intent is not relevant to an interference or entitlement claim. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507 (6th Cir. 2006). However, plaintiffs seeking relief under the interference or entitlement section must prove that the employer's interference caused them harm. *Id.* Interference does not violate the Act if the "employer has a legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct." *Id.* Here, I suggest that the employer has stated a legitimate

---

[3]Although Plaintiff also alleges "wrongful termination," I suggest that since she has not alleged she was a just-cause employee, the only potential wrongful termination would be one that violated the FMLA.

reason, unrelated to the exercise of FMLA leave. Defendant offers evidence that it acted in accordance with its policy, which provides that after three unexplained absences, an employee is considered to have voluntarily resigned, and Plaintiff failed to call in or appear at work for over ten days after her leave expired. (Dkt. 18 at Ex. 5; Dkt. 1 at 1.) Therefore, I suggest that Plaintiff cannot withstand summary judgment on her claim that Defendant interfered with her FMLA rights.

To establish a *prima facie* case of discrimination, specifically retaliation under the FMLA, the Plaintiff must show that: 1) she availed herself of a protected right under the FMLA, 2) she was adversely affected by an employment decision, 3) there is a causal connection between the employee's protected activity and the employer's adverse employment action. *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1066 (6th Cir. 1990). Proximity in time can be indirect evidence of a causal connection between exercise of a right under the FMLA and the adverse employment decision. *Skrjanc v. Great Lakes Power Service Co.*, 272 F.3d 309, 314 (6th Cir. 2001). In addition, a request for leave is considered exercise of a right under the FMLA. *Id.* at 314 ("The right to actually take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future."). If Plaintiff proves a *prima facie* case, the burden of production shifts to Defendant to articulate a legitimate, nondiscriminatory reason for Plaintiff's discharge. *Id.* at 315. If Defendant is able to articulate such a reason, the burden shifts back to Plaintiff to show that the articulated reason is a pretext to mask discrimination. *Id.*

The first two elements are easily established. The question thus becomes whether there is a causal connection between the employee's protected activity and the adverse action. There was temporal proximity between her request and termination. Temporal proximity may be sufficient to establish a *prima facie* case of discrimination; however, "[s]uch temporal proximity is insufficient in and of itself to establish that the employer's nondiscriminatory reason for

6

discharging an employee was in fact pretextual." *Id.* at 317; *accord Heady v. U.S. Enrichment Corp.*, 146 Fed. App'x 766, 770-71 (6th Cir. 2005). In other words, "temporal proximity alone will not support an inference of retaliatory discrimination when there is no other compelling evidence." *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000). *See also Chandler v. Specialty Tires of Am., Inc.*, 283 F.3d 818, 826 (6th Cir. 2002); *Joostberns v. United Parcel Services, Inc.*, 166 Fed. App'x 783, 798 (6th Cir. 2006) ("temporal proximity alone cannot create a genuine issue of material fact as to whether Defendant's proffered reason for termination was pretext, and that the actual motivation was disability discrimination."); *Holley v. Giles County*, 165 Fed. App'x 766, 770-71 (6th Cir. 2005) ("even a strong temporal connection, without more, is insufficient to withstand summary judgment").

Defendant has come forward with a legitimate, nondiscriminatory reason for its actions. Defendant has provided evidence that Plaintiff was treated in a manner consistent with Defendant's policy that after three unexplained absences, the employee is treated as if she voluntarily resigned. Since Plaintiff did not return to work in the ten day period following expiration of her leave period, she was presumed to have voluntarily resigned. (Dkt. 18 at Ex. 5; Dkt. 1 at 1.) In addition, she did not communicate with Defendant during that time or provide medical information showing a continuing disability or need for continued leave. (Dkt. 18 at 14-15.)

Since temporal proximity alone is insufficient to show that Defendant's legitimate, nondiscriminatory reasons were a pretext, and Plaintiff has not come forward with any evidence of discriminatory animus beyond mere temporal proximity, I suggest that Plaintiff's retaliation claim under the FMLA cannot survive summary judgment.[4]

---

[4] Defendant notes that, since Plaintiff failed to respond to its request for admissions, the points asserted in the requests are deemed admitted under FED. R. CIV. P. 36. Since I find that Plaintiff has failed to come forward with any evidence, reliance on the admissions was not necessary to my suggested resolution.

Accordingly, I suggest that Defendant's motion for summary judgment be granted and that the complaint be dismissed with prejudice.[5]

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                              s/ *Charles E Binder*
                                              CHARLES E. BINDER
Dated: March 17, 2008                         United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on David A. Wallace and on Deborah A. Johnson by first class mail, and served on U.S. District Judge Ludington in the traditional manner.

Date: March 17, 2008          By     s/Patricia T. Morris
                                                         Law Clerk to Magistrate Judge Binder

---

[5]To the extent that Plaintiff complains of any unfair labor practice, I note that the Union agreement provides that the employer may require medical certification, "subsequent medical opinions," "periodic recertifications," and "periodic reports regarding the employee's leave status and intent to return to work." (Dkt. 24 at 37, Article 20, Sec. 4, (D)-(F).) Therefore, Defendant's actions and requirements could not be considered unfair labor practices.