UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH JOHNSON,

        Plaintiff,

v.

        Honorable Thomas L. Ludington
        Case Number : 06-15657-BC

SAGINAW COUNTY COMMUNITY
ACTION, INC.,

        Defendant.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS

On April 16, 2008, the Court adopted the magistrate judge's report and recommendation and granted summary judgment to Defendant Saginaw County Community Action, Inc. On April 28, 2008, the Court denied Plaintiff Deborah Johnson's request for appointment of counsel.

On May 5, 2008, Plaintiff filed objections to the magistrate judge's report and recommendation, which had issued on March 17, 2008. The docket reflects at least three instances in which Plaintiff contacted the Court to provide her address; three times mail was returned as undeliverable to the Court.

In light of the apparent difficulty in accurately providing a current address to the Court, and the corresponding difficulty in ensuring service of orders of the Court on this pro se litigant, the Court will review her late-filed objections. Plaintiff's complaint alleged violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, purportedly arising from Defendant's termination of her employment after she took FMLA leave.

The majority of Plaintiff's discussion appears to focus on her belief that she had no set date for an expected return to work, which might then undercut Defendant's reliance on its policy of

permitting employment termination after three unexplained absences.  Plaintiff, however, attaches a variety of exhibits to her objections.  Contrary to her representations, those exhibits all reflect an expected return-to-work date.  That date is either mid- or late November 2004.  Regardless of any obligation that Plaintiff may have had to provide documentation to Defendant about her health condition and whether she met any such obligation, both of those dates precede Defendant's letter to her of December 1, 2004.  In that letter, Defendant advises her that she has not reported to work for three consecutive days and has provided no explanation for those absences.  Accordingly, Plaintiff's own documentation supports the conclusion that Defendant relied on its policy of terminating employment after three unexplained absences.  Her objections, then, do not provide a basis for rejecting the magistrate judge's report and recommendation, for granting Plaintiff reconsideration under E.D. Mich. LR 7.1(g), or amending or granting relief from judgment under Federal Rules of Civil Procedure 59 or 60.

Accordingly, it is **ORDERED** that Plaintiff's objections [dkt #33] are **OVERRULED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 2, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS